IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-MJ-00121-WBG |
| DALTON R. JOHNSTON, | |
| Defendant. | |

**MOTION FOR DETENTION**

Comes now the United States of America, by and through its undersigned counsel, and hereby moves this Court to order the detention of defendant Dalton R. Johnston, and states the following in support of the motion:

1. This motion is being made at the defendant's first appearance before a judicial officer. A Criminal Complaint has been filed charging the defendant with possession of machine guns, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) (Counts One, Two and Three).

2. The defendant is charged with three counts of possession of machine guns, which the Eighth Circuit has previously described as dangerous weapons. *See* 18 U.S.C. § 3142(f)(1)(E); *United States v. Fincher*, 538 F.3d 868, 874 (8th Cir. 2008); *see also United States v. Cruz-Olavarria*, 919 F.3d 661, 665 (1st Cir. 2019) (noting machine guns are "distinctly dangerous"); *Lomont v. O'Neill*, 285 F.3d 9, 11 (D.C. Cir. 2002) ("particularly dangerous"); *RSM, Inc. v. Herbert*, 466 F.3d 316, 318 (4th Cir. 2006) ("especially dangerous"); *United States v. One (1) Palmetto State Armory PA-15 Machinegun Receiver/Frame, Unknown Caliber Serial No. LW001804*, 822 F.3d 136, 142 (3d Cir. 2016) ("exceedingly dangerous"); *United States v. Jennings*, 195 F.3d 795, 799 n.4 (5th Cir. 1999) (describing machine guns as "primarily weapons

of war [that] have no appropriate sporting use or use for personal protection"). Furthermore, the defendant admitted to manufacturing Glock-style firearms. Affidavit in Support of Criminal Complaint at ¶ 19; 18 U.S.C. § 3142(f)(1)(A)(E).

3. Based on the charges, the conduct involved in this case, and the present motion, this Court "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

4. Under the Bail Reform Act, a defendant can be detained before if "the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will reasonably assure the defendant's appearance can a defendant be detained before trial." *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc)).

5. In determining whether pretrial detention is appropriate, the Court shall consider information concerning the nature and circumstance of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the danger to any person of community posed by the defendant's release. 18 U.S.C. § 3142(g).

6. The nature and circumstances of the offense weigh in favor of the detention. The defendant repeatedly sold hundreds of machine gun conversion devices. These devices are machine guns that courts have repeatedly recognized are uniquely dangerous. They allow firearms to fire at an increased rate of fire of up to 20 rounds per second. A Glock firearm, equipped with a

2

machine gun conversion device like the ones sold by the defendant can discharge an extended magazine of approximately 30 rounds in under two seconds.

7. Following the defendant's arrest, law enforcement executed a search warrant at his residence and located several items of investigative value, including:

    a. Approximately 9 firearms;

    b. Approximately 7 3D-printed machine gun conversion devices (MCD);

    c. Thirteen 3D-printed firearm frames;

    d. Two completed 3D-printed silencers;

    e. Six 3D-printed silencer tubes; and

    f. Several MCD parts.

8. The nature and circumstances of the offense involves a significant number of machine guns, silencers, and firearms. These devices, especially the sheer volume of machine guns and that fact that the defendant intended to introduce these devices into the stream of commerce, present a danger to the community, which weighs in favor of detention.

9. Furthermore, on multiple occasions, the defendant sold hundreds of machine guns to an undercover law enforcement officer. Accordingly, the weight of the evidence is strong and weighs in favor of detention.

10. The United States submits that there are no conditions which the Court could place on the defendant's release which would reasonably assure the safety of the community by clear and convincing evidence and reasonably assure the defendant's appearance by a preponderance of the evidence.

WHEREFORE, based on the foregoing, the United States requests that the Court hold a Detention Hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of the defendant.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By /s/Robert M. Smith

Robert M. Smith
Assistant United States Attorney
Violent Crime & Drug Trafficking Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on September 27, 2024, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

/s/Robert M. Smith
Robert M. Smith
Assistant United States Attorney